ANTONINA MATALOLO, Guardian ad Litem for
APINERU MATALOLO, a Minor, Plaintiff

v.

JACK PENITUSI, AFI VELEGA, NATIONAL PACIFIC
INSURANCE CO., and DOES I-IV, Defendants

High Court of American Samoa
Trial Division

CA No. 48-85

March 19, 1987

Before REES, Chief Justice, AFUOLA, Associate
Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiffs, Aviata Fa'alevao
 For Defendants, Roy J.D. Hall, Jr.

Plaintiff sued as guardian of her minor child to recover for injuries suffered by the child when he was struck by defendant's vehicle. At the conclusion of the plaintiff's case, counsel for defendant moved for summary judgment. The motion was granted. Plaintiff has requested this statement of our findings of fact and conclusions of law.

FINDINGS OF FACT

The defendant's vehicle struck plaintiff's child when the child walked suddenly into the road. The child had been standing in front of a bus and could not be seen by drivers approaching from behind the bus until the moment he stepped out into the road. The other passengers who had disembarked from the bus had completely crossed the road before the child stepped into the roadway. The point of collision with defendant's vehicle was at the extreme right end of the front of the vehicle, indicating that the child stepped into the road at the last possible moment before impact. There was

46

no evidence of excessive speed or other negligence on the part of the driver. The child sustained a fractured jaw and superficial injuries to the head and face, all of which seemed to have healed by the time of trial.

## CONCLUSIONS OF LAW

The defense of "he darted into the road at the last moment" is often asserted but seldom proved. In this case, however, the testimony of the plaintiff herself established that this was what happened. Contrary to the suggestions in the plaintiff's memorandum in support of a new trial, the mere fact that a vehicle strikes a pedestrian does not give rise to strict liability without fault, or even to a responsibility on the part of the defendant to prove that he was not negligent. It is true that drivers who approach buses stopped on the side of the road should look out for disembarking passengers, but in this case the plaintiff's own evidence suggests that a reasonable driver would have been justified in concluding that the disembarking passengers had already crossed the road. Plaintiff failed to carry her burden of proof that the defendant was negligent, or even to present any evidence of such negligence. Even if defendant did have the burden of disproving his own negligence, the plaintiff's testimony that her child stepped out from behind the bus at the last moment would satisfy this burden.